## TURCHIN SHEFFIELD PLATE & STERLING SILVER CO. v. BAUGH.

(Supreme Court, Appellate Term. May 27, 1909.)

1. PRINCIPAL AND AGENT (§ 146*)—UNDISCLOSED AGENCY—LIABILITY OF AGENT.

Plaintiff, who dealt with defendant, the agent of C., sold goods, thinking he was selling to C., as he was, and relying on C.'s responsibility and shipping the goods to C.'s place of business, cannot hold defendant as principal, because he thought defendant was C.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 146.*]

2. FRAUD (§§ 18, 25*)—MATERIAL MISREPRESENTATIONS—NECESSITY OF PROOF.

In order to sustain an action for fraud, where defendant, in purchasing goods of plaintiff for C., misrepresented that he was C., plaintiff must show that the misrepresentation was material, and that he was injured thereby.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 16–24; Dec. Dig. §§ 18, 25.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the Turchin Sheffield Plate & Sterling Silver Company against John Baugh. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Andrew Byrne, for appellant.

May & Jacobson (M. M. Leichter, of counsel), for respondent.

LEHMAN, J. The complaint alleges that between the 6th day of March, 1908, and the 3d day of April, 1908, at the special instance and request of the defendant, the plaintiff sold and delivered certain goods and performed certain work for the defendant at the agreed price of $105.39, upon the representation made by the defendant that he was Thomas Conway, who conducted a place of business at 752 Fulton street, Brooklyn, N. Y.

At the trial the plaintiff testified that he first saw defendant at 752 Fulton street, in a store with the name Thomas Conway on the window; that the defendant asked, "What can I do for you?" that he answered, "I want to see Mr. Conway," and defendant said, "Right here." Plaintiff asked payment of a bill of $9 for goods which his salesman had sold to Conway, and defendant answered that he would call at plaintiff's place of business the following week and pay the bill, as he wanted to order some goods. Defendant did call at plaintiff's place of business and paid the bill, and subsequently ordered the goods for which this action is brought. The plaintiff conceded that before he shipped the goods he inquired concerning Thomas Conway's responsibility and found it satisfactory, and that he relied upon this responsibility and believed he was selling to Thomas Conway. The plaintiff also conceded that his salesman had sold the first bill of goods for $9 to Conway before he knew the defendant.

I cannot find in these circumstances any facts which would give the plaintiff a right of action against the defendant. It is not disputed that Conway was a real person, and the proprietor of the store at 752 Fulton street, nor that the defendant had the right to represent Conway as agent, and the plaintiff does not seek to hold him upon any theory of misrepresentation as to his agency. He certainly cannot hold the defendant as principal because it appears that he sold the goods, thinking he was selling the goods to Conway, relying upon Conway's responsibility, and shipping the goods to Conway's place of business.

It is entirely immaterial that he thought that this defendant was in fact Conway, since the evidence shows that the goods were in fact sold and delivered to Conway. If this defendant actually misrepresented his identity to the plaintiff, in order to sustain an action for fraud, the plaintiff must show that the misrepresentation was material, and that he was injured thereby. He has totally failed to show any facts from which such an inference can be drawn.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.